UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SERGE DUBOIS,

                            Plaintiff,

v.

BEDFORD-FLATBUSH CHIROPRACTIC, P.C., DR. JEFFREY S. ROSNER & DR. ALAN S. ROSEN,

                            Defendants.

**MEMORANDUM AND ORDER**

18-CV-04416 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Serge DuBois, proceeding pro se, asserts claims pursuant to 42 U.S.C. §§ 1981 and 1983, and New York state law, against Defendants Bedford-Flatbush Chiropractic, P.C., Dr. Jeffrey S. Rosner, and Dr. Alan S. Rosen for fraud, racial discrimination, civil rights violations, and sexual harassment.[1]  Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint in its entirety for failure to state a claim.

## BACKGROUND[2]

Plaintiff is a Black Haitian.  (Aff. Supp. Am. Compl. ("Aff.") ¶ 8(a), ECF No. 22.[3])  On November 13, 2017, Plaintiff sustained an on-the-job injury while working for the United States Postal Service ("USPS").  (*Id.* ¶ 3.)  On November 28, 2017, he filed a claim for workers' compensation under the Federal Employees' Compensation Act ("FECA").  (Am. Compl., Ex. B

---

[1] On August 29, 2019, the Court dismissed Plaintiff's 42 U.S.C. § 1985(3), 18 U.S.C. § 1113, and Medical Device Regulation Act claims against Defendants Bedford-Flatbush Chiropractic, Rosner, and Rosen.  (Mem & Order, ECF No. 21.)  The Court ordered Plaintiff to show cause as to why his §§ 1981 and 1983 claims should not be dismissed or, alternatively, to file an amended complaint within 30 days.  (*Id.*)  Plaintiff timely filed an amended complaint.  (Am. Compl., ECF No. 22.)

[2] The following facts are taken from the complaint and attached exhibits, and are assumed to be true for the purposes of this memorandum and order.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (noting that on a motion to dismiss, a court's review is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference").

[3] Plaintiff's affidavit in support of the amended complaint begins at page eight of the pagination assigned by the ECF system.

at 37.[4]) Bedford-Flatbush Chiropractic contracted with two government agencies—the New York Department of Labor and the Office of Workers Compensation Programs ("OWCP")—to provide medical care and treatment to employees of USPS who are injured on the job, as required by FECA. (Aff. ¶ 1.) Rosner and Rosen are business partners at Bedford-Flatbush Chiropractic and are white. (*Id.* ¶¶ 4, 8(c).)

Between January and April 2018, Plaintiff sought treatment for his injury from Rosner at Bedford-Flatbush Chiropractic. (*Id.* ¶¶ 4, 7(b), 7(d); Compl., Ex. C at 51.) According to Plaintiff, Rosner and Rosen deliberately misrepresented and omitted certain aspects of Plaintiff's medical condition in Plaintiff's medical reports to OWCP so that Plaintiff's worker's compensation claims would be denied. (Aff. ¶ 5.) Rosner intentionally never referred Plaintiff to a lawyer with respect to his worker's compensation claim. (*Id.* ¶ 7(c).) Furthermore, Rosner deliberately withheld medications and medical supplies from Plaintiff. (*Id.* ¶ 7(d).) According to Plaintiff, Rosner and Rosen, "racially harassed and discriminated [against Plaintiff] intentionally . . . so that he would not receive the benefits that he is entitled to, because he is Black and Haitian." (*Id.* ¶ 4.)

Plaintiff further alleges that Defendants acted "under the color of state law," as evidenced by "the degree and the strange nature of the misconduct and convincing facts." (*Id.* ¶ 9(a).) Plaintiff alleges Defendants are agents for the OWCP because it exercises "coercive power over the Defendants" and Defendants "have been operating as a willful participant in a Joint activity" with state agencies and actors. (*Id.* ¶ 9(b).) He further claims that the Defendants demonstrated a "joint activity, plan and prearrangement" with state agencies, which was the "common goal[] to violate the Plaintiff's constitutional rights." (*Id.* ¶ 9(c).)

---

[4] Pagination of exhibits attached to the complaint refers to the pagination assigned by the ECF system.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendants' liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendants' liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v.*

*NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

**I.      Section 1981 Claim**

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The statute applies not only to government conduct but also "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). As previously set forth in the Court's August 29, 2019 Memorandum and Order, to maintain a § 1981 claim, a plaintiff must allege "(1) [he is] a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant[s]; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). Plaintiff alleges that he is a Black Haitian, and thus satisfies the first prong of a § 1981 claim. (Aff. ¶ 8(a).) However, even if the Court were to assume that making a medical claim constitutes a contract with Defendants under the third prong, Plaintiff's claim fails as he has not sufficiently alleged defendants' intent to discriminate on the basis of his race.

"Essential to an action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory and racially motivated." *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir. 1988) (citations omitted); *see also Mian*, 7 F.3d at 1088 ("We emphasize that an essential

4

element to [a § 1981 claim] is a requirement that the alleged discrimination took place because of the individual's race."). Conclusory allegations are insufficient to survive dismissal. *Id.* ("It is well established that mere conclusory allegations are insufficient to establish a cause of action for a violation of civil rights." (internal citation omitted)).

Plaintiff alleges that it was "Defendants' obligation to provide accurate medical reports" to the OWCP in support of Plaintiff's claims for workers' compensation. (Aff. ¶ 8(c).) However, according to Plaintiff, Rosner "described [Plaintiff's] injuries with irrelevant and inaccurate information, and omitted several facts concerning [his] medical conditions, without mentioning the fact that I had my surgery." (*Id.* ¶ 7(c).) Furthermore, Rosner intentionally never referred Plaintiff to a lawyer with respect to his worker's compensation claim. (*Id.*) Lastly, Rosner deliberately withheld medications and medical supplies from Plaintiff, and told Plaintiff that the delay as the result of Rosner waiting for approval from the Workers' Compensation Board. (*Id.* ¶ 7(d).) Plaintiff makes the conclusory assertion that Rosner and Rosen, "racially harassed and discriminated [against Plaintiff] intentionally . . . so that he would not receive the benefits that he is entitled to, because he is Black and Haitian." (*Id.* ¶ 4.) Even drawing all inferences in Plaintiff's favor, Plaintiff has failed to allege that Defendants' conduct plausibly occurred because of his race. *See Mian*, 7 F.3d at 1088 (finding that the plaintiff's claims "that defendants used race based discrimination, fraud, deception, professional misconduct and intentional conspiracy to deprive him of the equal protection of the law" in violation of 42 U.S.C. § 1981 were too conclusory to support his claim that "he was discriminated against because of his race" (internal quotations omitted)); *Albert*, 851 F.2d at 572 ("The naked allegation that appellees 'selectively enforc[ed] the College rules ... against plaintiffs ... because

5

they are black [or] Latin' is too conclusory to survive a motion to dismiss."). Accordingly, Plaintiff's § 1981 claims are dismissed.

## II. Section 1983 Claim

To support a § 1983 claim, the "the conduct at issue 'must have been committed by a person acting under color of state law.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). A private entity acts under color of state law when:

> "(1) the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state, ('the public function test')."

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 255-57 (2d Cir. 2008) (per curiam) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)). Merely conclusory allegations do not suffice. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

In its August 29, 2019 Memorandum and Order, the Court found Plaintiff's § 1983 claim failed because he did not plead facts to suggest that: (1) "the state exercised coercive power over the Defendants"; (2) there existed a conspiracy or "prearrangement between Defendant's and the state"; or (3) "Defendants perform a public function." (Mem. & Order 8-9.) Rather than plead any additional facts, Plaintiff merely adopted the Court's legal standards as facts. Plaintiff alleges that "Defendants did act under color of state law, in which the degree and the strange nature of the misconduct and convincing facts demonstrat[e]." (Aff. ¶ 9(a).) Plaintiff alleges Defendants are agents for the OWCP because it exercises "coercive power over the Defendants" and Defendants "have been operating as a willful participant in a Joint activity" with state

6

agencies and actors. (*Id.* ¶ 9(b).) He further claims that the Defendants demonstrated a "joint activity, plan and prearrangement" with state agencies which was the "common goal[] to violate the Plaintiff's constitutional rights." (*Id.* ¶ 9(c).)

As evidence of a nexus between Defendants and state actors, Plaintiff refers to various exhibits he attached to his complaint. (*Id.* ¶ 5.) These exhibits are largely irrelevant to his § 1983 claims and includes, *inter alia,* an affidavit written by Plaintiff's wife that states that her affidavit is made "in support of my husband's Claim against the Defendants, with regard to the discriminatory, unacceptable and fraudulated [sic] manner that they conspired to handle my husband['s] Worker's Compensation Claim, by intentionally provid[ing] false and misleading medical statements and withholding the relevant information, including depriving him of Civil . . . Rights in order to prevent him from receiving medical benefits he is entitled to, obviously because he is a Black Hattian." (Compl., Ex. H at 87.) Like Plaintiff's complaint and supporting affidavit, his wife's affidavit merely restates the legal standard for establishing a § 1983 claim against a private actor.

Another exhibit includes a letter from Dr. Frank Folk, who treated Plaintiff subsequent to Rosner, addressed to an attorney, which states, "We referred [Plaintiff] to you around July 24, 2018 to continue with his claim, based upon the evidence an information that he has provided to us, which confirmed that his Workers Compensation Case was intentionally mishandled" by Rosen and Rosner. (Compl., Ex. E at 60.) Even if it were true that Defendants mishandled Plaintiff's case, such an allegation is not sufficient to support a claim that Defendants were acting under the color of state law. As Plaintiff has only pleaded "threadbare recitals of a cause of action's elements," *Iqbal*, 556 U.S. at 678, his § 1983 claims are dismissed.

7

Having dismissed all of the federal claims in this action, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claim for fraud and sexual harassment. *See Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) ("We have said that if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well."); *see also First Capital Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004) ("The exercise of supplemental jurisdiction is left to the discretion of the district court[.]"). These claims are therefore dismissed without prejudice for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the amended complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 11, 2020

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge