```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SERGE DUBOIS,

                        Plaintiff,                         REPORT AND RECOMMENDATION
                                                                   18 CV 4416 (LDH)(LB)
        -against-

DR. JEFFREY S. ROSNER, D.C,
DR. ALAN S. ROSEN, D.C.,
BEDFORD-FLATBUSH
CHIROPRACTIC, OFFICE OF
WORKERS' COMPENSATION
PROGRAMS, D. SANCHEZ, and
ELVIS KIYOMI,

                        Defendants.
-------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

This case was referred to me for all pretrial purposes. In light of *pro se* plaintiff's failure to comply with the Court's November 22, 2019 and January 14, 2020 Orders to properly serve defendants D. Sanchez, Elvis Kiyomi, and the Office of Workers' Compensation Programs ("OWCP"), it is respectfully recommended that plaintiff's action against these defendants should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).[1]

### I.   PROCEDURAL BACKGROUND

Plaintiff commenced this *pro se* action on August 6, 2018 alleging his disability claims were improperly denied by defendants. ECF No. 1. On August 29, 2019, the Court dismissed plaintiff's complaint in part, but granted plaintiff leave to file an amended complaint. ECF No. 21.

---

[1] On September 11, 2020, the Court granted defendants Bedford-Flatbush Chiropractic, P.C., Dr. Jeffrey S. Rosner, and Dr. Alan S. Rosen's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). ECF No. 46. The Court's Memorandum and Order did not address plaintiff's claims against D. Sanchez, Elvis Kiyomi, and the OWCP.

Plaintiff filed an amended complaint on September 20, 2019 which added defendants the OWCP, D. Sanchez, and Elvis Kiyomi. ECF No. 22 ("Am. Compl."). Defendants D. Sanchez and Elvis Kiyomi are both claims examiners within the OWCP. Am Compl. at 3, Ex. B.

On October 28, 2019, the Court ordered plaintiff to serve defendant's D. Sanchez and Elvis Kiyomi with a copy of the summons and complaint by January 27, 2020. ECF No. 33. Plaintiff filed an affidavit of service on November 20, 2019 stating that defendants Sanchez and Kiyomi were served by mail at their alleged place of employment. ECF No. 35. The Court then informed plaintiff that service on defendants Sanchez and Kiyomi was improper and directed that they be properly served by January 27, 2020. ECF No. 36. I warned plaintiff that if Sanchez and Kiyomi were not properly served by January 27, 2020, absent good cause shown, I would recommend that the action should be dismissed against Sanchez and Kiyomi pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Id. The Court directed plaintiff to refer to Federal Rule of Civil Procedure 4(e), which sets forth the acceptable methods of service. Id. at 1, n.1. Plaintiff was also told to refer to New York Civil Practice Law and Rules ("C.P.L.R.") Sections 308 and 312 as well as Kentucky Rule of Civil Procedure 4.01 should he seek to serve the defendants by mail.[2] Id.

On December 16, 2019, plaintiff filed an Affidavit of Service stating that service was made on Elvis Kiyomi on December 9, 2019. ECF No. 38. The Affidavit of Service states that the "order with supporting papers"[3] was served at "201 Varick Street, New York, NY 10014" by leaving it with a suitable person. ECF No. 38. The summons was then mailed on December 10, 2019 to Elvis

---

[2] According to the amended complaint, defendants are both employed as claims examiners within the Office of Worker's Compensation Programs, a federal agency. Am Compl. at 3, Ex. B. As such, I should have referred plaintiff to Rule 4(i). See FED. R. CIV. P. 4(i) (setting forth the service procedures for the United States, its agencies, and employees).

[3] The Affidavit of Service at ECF No. 38 was filed with a copy of the Court's October 28, 2019 order, a copy of my Individual Practices, and a copy of a summons. The affidavit does not state that a copy of the complaint was served on defendant.

Kiyomi's purported last known business address which is listed on the affidavit of service as "240 Varick Street Room, 740, New York, NY 10014." Id.

On January 14, 2020, the Court advised plaintiff that service by mail on the OWCP, ECF No. 27, was improper because OWCP is an office within a federal agency. ECF No. 40. The Court directed plaintiff to properly serve OWCP pursuant to Federal Rule of Civil Procedure 4(i) by February 14, 2020. Id. On February 4, 2020, defendant filed an Affidavit of Service stating that on January 29, 2020, service was made on the OWCP at 201 Varick Street, 7th Floor, Room 740, New York, NY 10014 by delivering the Court's order "plus supporting papers" to a "legal department clerk." ECF No. 44.

The docket does not reflect either an attempt by plaintiff to serve D. Sanchez or a showing of good cause by plaintiff why service on Sanchez was not made.

## II.   DISCUSSION

### A. SERVICE OF PROCESS

#### a.   Legal Standard

Federal Rule of Civil Procedure 4(e) sets forth the acceptable methods of service for a summons and complaint. Service of process on an individual may be accomplished by following the procedures prescribed by state law, delivering a copy of the documents to an individual personally, leaving a copy of the documents at a defendant's dwelling or place of abode with a person of suitable age and discretion, or delivering a copy of the documents to an authorized agent. FED. R. CIV. P. 4(e).

New York's personal service provisions are contained in C.P.L.R. § 308. Under C.P.L.R. § 308, in pertinent part, personal service by mail may be accomplished by:

3

> [D]elivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential…."

N.Y. C.P.L.R. § 308(2). A defendant's "'actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." Id. § 308(6).

When the entity to be served is an agency of the United States, service must be made in accordance with Federal Rule of Civil Procedure 4(i). See Chin v. United States Postal Service, No. 08-CV-1035(FB)(CLP), 2009 WL 1702255, at *1-2 (E.D.N.Y. June 16, 2009) (explaining the process for serving a federal agency, which includes service on the US Attorney's Office, the Attorney General, and the agency). Rule 4(i) states that when a federal agency is served, the United States must be served. FED. R. CIV. P. 4(i)(2). To serve the United States, a party must deliver a copy of the summons and complaint to specified personnel within the United States Attorney's Office for the district where the case has been filed or mail the documents to the process clerk at that United States Attorney's Office. FED. R. CIV. P. 4(i)(1)(A)(i). In addition, a copy of the summons and complaint must be mailed to the Attorney General of the United States. FED. R. CIV. P. 4(I)(1)(B). Finally, a copy of the summons and complaint must also be mailed to the agency. FED. R. CIV. P. 4(i)(2).

When a federal employee is sued in their official capacity, the United States must be served; a copy of the summons and complaint must also be mailed to the employee. See FED. R. CIV. P. 4(i)(2); see also Rivera v. Samilo, No. 16-CV-1105(DLI)(JO), 2018 WL 1701935, at *4 (E.D.N.Y. Mar. 30, 2018) (explaining the method for service on a federal employee). When a federal employee is sued individually, the United States must be served and then the employee must be

served as directed by Rule 4(e), (f), or (g). FED. R. CIV. P. 4(i)(3); Rivera, 2018 WL 1701935, at *4.

>Federal Rule of Civil Procedure 4(m) provides that:
>
>If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plaintiff bears the burden of demonstrating that proper service was made within Rule 4(m)'s prescribed time frame. See Rivera, 2018 WL 1701935, at *4 (citing Khan v. Khan, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (summary order)); Sajimi v. City of New York, No. 07-CV-3252(ENV)(MDG), 2011 WL 135004, at *4 (E.D.N.Y. Jan. 13, 2011) (quoting Moulty v. City of Poughkeepsie, 154 F. Supp. 2d 809, 812 (S.D.N.Y. 2001)).

### b. Plaintiff Has Failed to Prove Proper Service

Here, plaintiff has failed to demonstrate proper service was effected on the OWCP, D. Sanchez, and Elvis Kiyomi or to show good cause why service was not made within Rule 4(m)'s 90-day time period. Plaintiff has not provided an affidavit of service or other proof demonstrating service on D. Sanchez. Plaintiff has therefore failed to meet his burden of demonstrating proper service on D. Sanchez.

Although plaintiff filed an "Affidavit of Service" stating that service was made on Elvis Kiyomi, that service was improper. Mr. Kiyomi, as an employee of a federal agency, must be served pursuant to Rule 4(i)(3). However, plaintiff has not provided proof that the United States was properly served, as required by the Rule. See Rivera, 2018 WL 1701935, at *4. Plaintiff's Affidavit of Service also states that Mr. Kiyomi was served at "201 Varick Street, New York, NY 10014" by leaving process with a suitable person and then mailing the summons on December 10, 2019 to Mr. Kiyomi's purported last known business address, "240 Varick Street Room, 740, New

5

York, NY 10014." ECF No. 38. New York law requires delivery of a summons and complaint to a person's "actual place of business, dwelling place or usual place of abode of the person" and then mailing to the person's "last known residence" or "actual place of business." N.Y. C.P.L.R. § 308(2). Nothing in the record identifies the "201 Varick Street" address as Mr. Kiyomi's "actual place of business, dwelling place or usual place of abode of the person" within the meaning of C.P.L.R. § 308(2). The Court further notes that the amended complaint and accompanying documents contain an address for Mr. Kiyomi in Kentucky, not New York. Am. Compl. at 3, Ex. B.[4]

Plaintiff's purported service on OWCP was also improper. Plaintiff's "Affidavit of Service" states that OWCP was served on January 29, 2020 at "201 Varick Street, 7th Floor, Room 740, New York, NY 10014" through delivery to a legal department clerk. ECF No. 44. However, as the Court previously noted, OWCP is a federal agency which must be served according to Rule 4(i). See ECF No. 40. To serve a federal agency, Rule 4(i) requires service on the United States and mailing of the summons and complaint to the agency. FED. R. CIV. P. 4(i)(2). Plaintiff's affidavit fails to establish proper service on the United States or mailing to OWCP. Therefore, service on OWCP was improper and plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). See Chin, 2009 WL 1702255, at *2-3 (dismissing a case against a federal agency where the plaintiff's affidavit of service failed to show mailing to the agency itself).

---

[4] Even if service had been properly made, the likelihood is that plaintiff's claims against OWCP, D. Sanchez and Elvis Kiyomi would be dismissed. The amended complaint alleges that Kiyomi and Sanchez are "two claim (sic) examiners [at OWCP] who took the law into their own hands to decide and deny the Plaintiff's Claims without ever giving him the opportunity for his claims to be presented … as required by law." Am. Compl. ¶ 7(g). An apparent form letter denying plaintiff's claim for compensation, electronically signed by Kiyomi and Sanchez, is appended to the amended complaint. Id. Ex. B. This is the sole basis provided for plaintiff's claim against these defendants. Therefore, even if defendants had been properly served, plaintiff's claims against these defendants are lacking a basis in law or fact.

### III.  CONCLUSION

Accordingly, because plaintiff has failed to properly serve defendants Kiyomi, Sanchez, and OWCP, or to show good cause why proper service was not timely made upon these defendants, it is respectfully recommended that plaintiff's action against these defendants should be dismissed without prejudice pursuant to Rule 4(m).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: October 19, 2020
       Brooklyn, New York